Registration# 2020-0000081
Patrina Harrison
650 Eddy Street No. 207
San Francisco, CA 94109
Tel: (415) 567-8182 | Fax: (415) 567-8182
harrisonempa@gmail.com
courtsupport@hcoppllc.community

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRINA HARRISON, | Case No.: 20-CV-05178-WHA |
| Plaintiff, | **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INITIAL COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 8** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, | **Date:   October 21, 2020** |
| Defendant | **Time:   2:00 P.M.**<br>**Crtm:   6-2nd Floor** |

1

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE:**  that on October 21, 2020, at 2:00 p.m., or as soon thereafter as this matter may be heard, before the Honorable Jon S. Tigar, United States District Court, Oakland, California, Plaintiff will move this Court for an Order denying Defendant's Motion to Dismiss Initial Complaint, pursuant to Federal Rules of Civil Procedure Rule 8.

Plaintiff moves for an Order dismissing Defendant's Motion to Dismiss Initial Complaint, because plaintiff has stated a claim for which relief can be granted pursuant to FRCP Rule 12(b)(6).

The Court should deny Defendant's Motion to Dismiss Initial Complaint. Plaintiff bases its Opposition Motion on this Notice of Motion, the Memorandum of Points and Authorities in support thereof, Plaintiff's Declaration, papers and other evidence submitted herewith, and such augments as may be heard at the hearing on this matter.

Dated:  September 13, 2020

By:  *Patrina Harrison*

2

OPPOSIITON TO DEFENDANT'S MOTION
TO DISMISS INITIAL COMPLAINT

CASE NO. 20-CV-05178-WHA

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On March 16, 2020, Mayor Breed issued a citywide shelter in place order in efforts to help prevent the transmission of the virus that causes Coronavirus 2019 Disease, ("COVID-19).   Residents were ordered to shelter in place, whereas the unhoused homeless population were ordered to shelter in place in tents, directly beneath the windows of plaintiff's rental apartment, for which residential dwelling is government owned, and an institution of  the Defendant City and County of San Francisco's Shelter Plus Program, transitional housing for formerly homeless families and individuals transition for a City and County funded homeless shelter. Defendant City and County of San Francisco operates these premises, and hires and pays social service support staff members, and property management contractors for services provided to its program participants.  Plaintiff is a program participant in Defendant's Shelter Plus Program, where she is in the custody of the City and County,  and  receives support services, and transitional housing programs.

Plaintiff beings this lawsuit against the City and County of San Francisco, on the grounds of municipal liability for unconstitutional custom or policy, and violation of California welfare and institutions code section 17000, which states that every county and every city and county shall relieve and support all incompetent, poor, indigent persons, and those incapacitated by age, disease, or accident, lawfully resident therein, when such persons are not supported and relieved

3

OPPOSIITON TO DEFENDANT'S MOTION
TO DISMISS INITIAL COMPLAINT

CASE NO. 20-CV-05178-WHA

by their relatives or friends, by their own means, or by state hospitals or other state or private institutions. *(added by stats. 1965, ch. 1784.).*

   Consequently, each state is responsible (within the limits of state law and the constitution) for defining the standard of living that is used to determine who "needy persons" are in relation to each of its federally aided assistance programs, as well as the amounts of assistance they are to receive.  Whereby the City and County instead, choosing to direct such funds for other purposes, rather than sheltering the unhoused homeless population in city sponsored hotel rooms during the CODIV-19 CRISIS.

   This violation of **CAL WELF. & INST. CODE § 17000** is what resulted in the state created danger plaintiff complains about; whereas plaintiff was harmed, suffered real harm and existing injuries, which affect plaintiff in a personal and individual way, see **(Id. ¶1, 1-11)** Plaintiff's injuries consist of  property loss (books, files, clothing and furniture), difficulty breathing, shortness of breath, dizziness, chest and back pain, chronic coughing, and possible exposure of COVID-19 infection **(Id. ¶1, 24-28)**.

   The causation of plaintiff's injuries are from the promulgation, implementation and execution of Defendant, City and County of San Francisco's municipal policy.  Plaintiff  alleges that  Mayor Breed's Shelter in place Order (policy statement), mandating the unhoused homeless, to shelter in place, undisturbed in tents under the windows of plaintiff's rental apartment is the de facto policy complained about in this lawsuit.

   Mayor Breed's Shelter in Place Order is the challenged policy statement or municipal policy (regulation) that plaintiff alleges to be the causation of the state created danger, plaintiff's

4

OPPOSIITON TO DEFENDANT'S MOTION
TO DISMISS INITIAL COMPLAINT

injuries, and the uncompensated taking of plaintiff's apartment, which arise to an invasion of plaintiff's interest in the use and enjoyment of the Shelter Plus Program, and loss of personal property sustained.

**Monell v. Department of Social Services 436, U.S. (1978),** holds that local governments may be liable for dangers, as well as declaratory and injunctive relief, whenever "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Liability is attributed to the municipality in custom-type cases through a policy maker's actual or constructive knowledge of and acquiescence in the unconstitutional custom or practice.  Acts of omission, as well as commission, may serve as the predicate for a finding of unconstitutional policy or custom.

Under Monell, government liability attaches when the constitutional injury result from the implementation or "execution of a government's policy or custom, whether made by its lawmakers or by those who edicts or act may fairly be said to represent official policy".  in Pembaur v. City of Cincinnati, a majority of the Court held that a single decision by an official with policy-making authority in a given area could constitute official policy and be attributed to the government itself under certain circumstances.  Pambaur v. City of Cincinnati 475, U.S. (1986).

Any state action under the Fourteenth Amendment is action under color of law.    When a plaintiff uses a governmental entity, such as a city or county, for a constitutional violation arising from its policy or custom, action under color of law is present because the entity was created by

5

state law.  Government employees act under color of law when performing their duties, whether they act in compliance with state law, contrary to it or exercise professional discretion.   Monell v. Department of Social Services 436, U.S. (1978).

## FACTUAL BACKGROUND

This lawsuit concerns issues arising from the City and County of San Francisco's de facto policy in which ordered the unhoused homeless population to use the Tenderloin Community as a tent containment zone, particularly under plaintiff's apartment windows in the mist of the "COVID-19 PANDEMIC", and as a direct result of such municipal policy, or custom, or de facto policy,  Defendant City and County of San Francisco created a dangerous, and harmful situation for plaintiff, causing injuries, property loss, uncompensated taking of personal property, and an invasion of plaintiff's interest in the use and enjoyment of her rental apartment, while participating in Defendant City and County of San Francisco' Shelter Plus Program. Plaintiff preys for relief in the amount $2.5 Million and an Injunctive Relief Order, ordering Defendant City and County of San Francisco, to provide, pursuant to **CAL. WELF. & INST. CODE §17000,** COVID-19 Relief hotel suites, indefinitely, earmarked for the unhoused homeless residing in tents.  Other specifications are to codify into its municipal code the prohibition of tents sheltering in place under the windows of government owned and operated, institutional programs, and apartment dwelling and their fire exits,  punishable by a $1,000.00 fine or 1-year imprisonment if such penal code is violated.

OPPOSIITON TO DEFENDANT'S MOTION
TO DISMISS INITIAL COMPLAINT

CASE NO. 20-CV-05178-WHA

**LEGAL STANDARD FOR MOTION TO DISMISS**

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that the plaintiff can prove no set facts in support of its claim which would entitle it to relief.   Conley v. Gibson, 335 U.S. 41, 48 (1957) (emphasis added); see also Fed. R. Civ. P. 12(b)(6); Bell Atlantic Corp v. Twombly, 550 U.S. 540, 570 (2007).  A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff.   Twombly, 550 U.S. at 556-57.

Defendant City and County of San Francisco, has asserted the notion that dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is sufficient.  I disagree.

Plaintiff opposes defendant's Motion to Dismiss Initial Complaint pursuant to Rule 12(b)(6) since plaintiff has shown in its Complaint, pursuant to Federal Rule of Civil Procedure Rule 8, a strict pleading requirement as interpreted in Bell A. Corp. v. Twombly, 550 U.S. 544 (2007), "(a) Claim for Relief: A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short plaint statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

For the reasons stated above, plaintiff moves this Court for an order denying Defendant's Motion to Dismiss Initial Complaint in its entirety.

7

OPPOSIITON TO DEFENDANT'S MOTION
TO DISMISS INITIAL COMPLAINT

CASE NO. 20-CV-05178-WHA

1

2

**ARUGMENT**

3      First, defendant City and County of San Francisco, misses the mark by asserting the

4  notion that Plaintiff's 42 U.S.C. §1983 Claim for Due Process Clause fail.  Plaintiff did not assert

5  the notion that the substantive prong of the Due Process Clause imposes an affirmative duty on

6  the government to protect life, liberty, or property.  What plaintiff asserted is that the Due

7  Process Clause is a constitutional guarantee that prevents governments from impacting citizens

8  in an abusive manner.  In its modern form, Due Process Clause both procedural standards that

9  courts must uphold to protect peoples' personal liberty and a range of liberty interests that statues

10  and regulations must not infringe.  Substantively, the due process clause protects owners form

11  deprivation of "property" rights by "arbitrary and capricious" government action.

12

13      Nectow v. City of Cambridge, 277 U.S. 183, 187-188(1928).  Accord, pennell v City of

14  San Jose, 485 U.S. 1,11(1988) (due press is violated if law is "arbitrary, discriminatory, or

15  demonstrably irrelevant to the policy the legislature is free to adopt"); Village of Arlington

16  Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 263 (1977) (owners have a

17  "right to be free from arbitrary or irrational zoning actions").

18

19      The Fifth Amendment's Due Process Clause states that "no person shall…be deprived

20  of…property, without due process of law."  The Fourteenth Amendment has very similar due

21  process language, and the Fifth Amendment Taking Clause prohibits the government from taking

22  "private property" for public use" without "just compensation."

23

24      Second, a government has a duty to protect a person if he or she is in government

25  custody.  Next, a government must provide protection if the government is responsible for

26                                                          8

27  OPPOSIITON TO DEFENDANT'S MOTION
    TO DISMISS INITIAL COMPLAINT

28
                                        CASE NO. 20-CV-05178-WHA

creating the danger. See Deshaney v. Winnebago City Dep't of Soc. Servs, 489 U.S. 189, 195 (1989).  Here, Defendant City and County of San Francisco created the danger through the promulgation and execution of its shelter in place order, mandating the unhoused homeless to remain undisturbed in tents under plaintiff's government, rental apartment's windows.

Third, Defendant City and County of San Francisco promotes the notion that Plaintiff's Takings Claim fails for the same reason as her due process claim.  Here, A physical taking occurs when a public agency regulation requires a physical presence on a property, no matter how small.  The reason for this per se rule is that permanent physical takings impose a unique burden.   Loretto v. Teleprompter Manhattan CATV Corp. 458 U.S. 419 (1982).

Property may be physically occupied by an object, such as a small cable television box, or by people, such as hikers using a trail. In deciding whether a compensable taking has occurred, the size of the area occupied, the economic impact, and the public purpose are almost always irrelevant: if the public agency required the physical invasion, it is a compensable taking. "A Permanent physical occupation authorized by government of another's property is a taking without regard to the public interests if may serve."   Loretto v. Teleprompter Manhattan CATV Corp. 458 U.S. 419, 102 S. Ct. 3164 (1982). Here, plaintiff has lost personal property, was constructively removed from her apartment unit for indefinite amounts of time as a result of the state created danger, and for which resulted in a due proves violation, under the taking clause.

Forth, Defendant City and County of San Francisco, asserts that Plaintiff's equal protection claim fails because plaintiff did not assert how she was treated differently.  In plaintiff's operative complaint, it was alleged that the Tenderloin Community was a government

9

sanctioned containment zone, in which other communities within the City and County of San Francisco was exempted from the allowing for the unhoused homeless to shelter in tents under Mayor Breed's Order.

Fifth, Defendant City and County of San Francisco argues the notion that Plaintiff's Monell Claim fails on grounds of absence of a municipal policy.  I disagree. The municipal policy that plaintiff complains about is the Mayor Breed's shelter in place Order, which mandates the unhoused homelto shelter in place under plaintiff's windows.  In this respect, local governments are not immune to lawsuits under Section 1983.

Thus, local governing bodies (and local officials sued in their official capacities) can, therefore, be sued directly under § 1983 for monetary, declaratory, and injunctive relief in those situations where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy. In addition, local governments, like every other § 1983 "person," may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such custom has not received formal approval through the government's official decision-making channels.  Monell V. Department of Social Services Of New York, 436 U.S. 658 (1978).

Sixth, Defendant City and County of San Francisco is in belief that Plaintiff's ADA Title II Claim and Section 504 Rehabilitation Act Claims have failed. I also disagree.  Defendant asserts that plaintiff has not proven a mens rea of "intentional discrimination" by the City.  I also

OPPOSIITON TO DEFENDANT'S MOTION
TO DISMISS INITIAL COMPLAINT

CASE NO. 20-CV-05178-WHA

disagree. American disability discrimination laws contain few intent requirements. Yet courts frequently demand showings of intent before they will remedy disability discrimination.

Plaintiff asserts that Defendant City and County of San Francisco, (1) acted purposely with a conscious objective; (2) acted with knowledge to a practical certainty that the conduct will harm the plaintiff; (3) acting recklessly in light of a known substantial and unjustifiable risk; and (4) acting negligently.  A public entity can therefore be liable for damages under the ADA and Section 504 of the Rehabilitation Act "if it intentionally or with deliberate indifference fails to provide meaningful access" to public benefit.  A.G., 815 F.3d at 1204 (citation omitted).  Here, plaintiff has a verifiable ambulatory disability, which requires ambulatory assistive device, and by the ("CITY") allowing the unhoused to shelter in tents under plaintiff's window, preventing plaintiff from accessing the sidewalk, resulted in an ADA violation.

Seventh, Defendant City and County of San Francisco, asserts the claim that Plaintiff's California Disabled Person Act fails. Civil code section 54 gives individuals with medical conditions and disabilities the same right as the general public to benefit from a businesses' services or products. Here, section 54.1 provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public to … modes of transportation [and] places of accommodation." Schulz v. Bay Area Motive, LLC, No. 19-cv-02134-MMC, 2020 WL 44654916, at *5 (N.D. Cal. Aug. 4, 2020).

Per section 1134b.2 accessibility is required for all existing buildings (including historical) and the following must comply.  The primary path of travel to the specific area of alterations, structural repair or addition.   California law requires that publicly funded buildings

11

and facilities and privately funded public accommodations be accessible to persons with disabilities. (civ. Code, ' 4450 et seq., and health & safety, code, ' 19955 et seq.) In 1968, congress passed the architectural barriers act (aba) (42 U.S.C. ' 4151, et seq.), which marked the beginning of a new federal policy toward individuals with disabilities. The Americans with disabilities act (ADA) further expands the right to accessible public buildings and public accommodations under federal law.  California law requires that all buildings, structures, sidewalks, curbs, and related facilities, constructed with public funds and, under certain circumstances, buildings and facilities leased by state or local government, must be accessible to and usable by persons with disabilities. (gov. Code, ' 4450 et seq.)

Eighth, Defendant City and County of San Francisco, promotes the notion that Plaintiff's Nuisance and Negligence Claims both fails, since the City is not liable for an injury arising out of an act or omission of the City or a City employee except as provided by state. I disagree. Pursuant to Gov' Code Section 815.2 Cites as Cal. Gov't Code Section 815.2, " A public entity is liable for injury proximately caused y an act or omission of an employee of the public entity within the scope of his employment if the act and omission would apart from this section, have given rise to a cause of action against that employee or his personal representative.

Here, plaintiff alleged in its Complaint that when the tents caught on fire the fire department and police was dispatched, and when plaintiff requested to move the remaining tents from under her windows, it was a refusal, pursuant to Mayor Breed's Shelter in Place Order. And as causation is an essential element of nuisance, plaintiff has alleged in its complaint that the injuries sustained, and the property loss, resulted from Mayor Breed's Shelter in Place Order,

12

OPPOSIITON TO DEFENDANT'S MOTION
TO DISMISS INITIAL COMPLAINT

for the unhoused homeless to remain undisturbed in tents under the windows of plaintiff's rental apartment. The restatement defines nuisance as " a nontrespassory invasion of another's interest in the private use and enjoyment of land." Restatement (Second) 0f Torts §821D. "A nuisance is produced by an activity under the defendant's control to which the plaintiff objects, and not by activity which the plaintiff has requested and facilitated. Vogel v. Grant-Lafayette Electric Cooperative 548 N.W. 2d 829 (1996).

§3479. Nuisance Defined. Anything which is injurious to health, including, but not limited to, the illegal sale of controlled substance, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, or any navigable lake, or river, bay, stream, canal, or basin, or any pubic park, square, street, or highway, is a nuisance.

Ninth, Defendant City and County of San Francisco, asserts the notion that plaintiff's claim pursuant to Welfare and Institutions Code Section 17000, fails. I disagree. Here plaintiff seeks an injunction that would provide hotel suites to the unhoused homeless, necessary to shelter in place in. "[i]f a county fails to perform its , the remedy is not to impose liability for the individual claims, but to require it to fulfill its obligations to the indigent who are the class of persons benefited under section 17000."

Tenth, Defendant City and County of San Francisco, promotes the assumption that Plaintiff's does not have Title III Standing, necessary to bring her claims to federal court. I disagree. Plaintiff has met the two required elements of Injury-In-Fact, in which

13

OPPOSIITON TO DEFENDANT'S MOTION
TO DISMISS INITIAL COMPLAINT

Particularization and Concretenesses.  Here, plaintiff plead an invasion of a legally protected interest that is particularized and concrete.  To meet Article III Standing, concrete harm may be either a tangible [ touch, see, smell, or feel] or intangible harm [hear, or listen].  Spokeo, Inc. v. Robins, 578 U.S. (2016).

Plaintiff has alleged in her complaint a causal connection between the injury and the conduct complained of , in which plaintiff has pled that she saw, smelled and inhaled chemical substance, body excrements, and smoke from the burning tents under her window, in the alternative, plaintiff also alleged that she heard and listen to the unhoused rational for the tents burning, among other conversations discussed between the  unhoused sheltering in the tents under her window. As well, plaintiff's injuries are felt, heard and seen.

Eleventh, Defendant City and County of San Francisco refutes plaintiff's claims of Violation of California Constitution Article I, Section 1, and Inverse Condemnation.  Plaintiff also disagree with these assumptions. Instead, plaintiff alleges that Defendant City and County of San Francisco, failure to shelter the unhoused in hotel suits, instead of in tents under plaintiff's windows, "constitute[d] an 'interference' with plaintiff's California constitution, article i, § 1 right to 'safety.'"

Defendant City and Count of San Francisco, further alleges that plaintiff has failed to allege an invers condemnation claim.  I disagree. **Article I, Section 19** of the **California Constitution** provides the basis for recovery against government entities and public utilities via the theory of **inverse condemnation**. That **section** requires that just compensation be paid when private property is taken or damaged for public use.   Plaintiff has state a Facial Taking Claim, in

14

which regulations imposes a taking on its face.  The element to a Facial Taking Claim is applied

to determine whether the adoption of a regulation effects a taking.  The relevant questions under

this test are: (1) doe the regulation substantially advance a legitimate government interest (2)

does the regulation deprive the owner of economically valuable use of property?.  Agins v. City

of Tiburon, 447 U.S. 255, 65 L.Ed.2d 106 (1980).


## CONCLUSION

For all the reasons set forth above, Plaintiff Harrison, requests that this Court deny

Defendant City and County of San Francisco's Motion to Dismiss Initial Complaint.


Dated: September 13, 2020                    BY:  _Patrina Harrison_

OPPOSIITON TO DEFENDANT'S MOTION
TO DISMISS INITIAL COMPLAINT

CASE NO. 20-CV-05178-WHA

## DECLARATION OF PATRINA HARRISON

I Patrina Harrison, Pursuant to 28 U.S.C. Section 1746, Declares as follow:

1.  I am the plaintiff in this case, and I have suffered injuries as a result of the circumstances leading to his federal litigation.

2.  I am over 18 years of age.

3.  I have personal knowledge of all of the matters set forth herein, and if called upon to testify as a witness, I could and would testify competently.

4.  I submit this declaration in support of Plaintiff's Opposition to Defendant's Motion to Dismiss Initial Complaint.

5.  I am, in fact, the person that I am claiming to be.

6.  Attached is the Plaintiff's Opposition Brief to Defendant's Motion to Dismiss Initial Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th Day of September 2020

By: _Patrina Harrison_

16

OPPOSIITON TO DEFENDANT'S MOTION
TO DISMISS INITIAL COMPLAINT

CASE NO. 20-CV-05178-WHA