DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
RENÉE E. ROSENBLIT, State Bar #304983
RYAN STEVENS, State Bar #306409
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3853 [Rosenblit]
              (415) 554-3975 [Stevens]
Facsimile:    (415) 554-3837
E-Mail:       Renee.Rosenblit@sfcityatty.org
              Ryan.Stevens@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PATRINA HARRISON, | Case No. 20-cv-05178-JST |
|---|---|
| Plaintiff, | **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, | Hearing Date:   October 21, 2020<br>Time:           2:00 p.m.<br>Place:          Courtroom 6, 2nd Floor<br>                1301 Clay Street, Oakland |
| Defendant. | |
| | Trial Date:    Not Set |

Plaintiff's opposition fails to meaningfully address the arguments contained in Defendant's brief and attempts to insert new facts not pleaded in her complaint. Although Plaintiff's theories are at times difficult to follow and lack merit, Defendant provides the following briefing to clarify certain issues.[1]

Plaintiff's complaint alleges the City violated the Due Process Clause by "abandoning its

---

[1] To the extent not specifically addressed, Defendant rests on its opening brief.

duties under the law to ensure safe and secure living conditions inside and the immediate outside of plaintiff's" rental apartment. ECF 1 ¶ 35. In other words, the City failed to act. This claim fails because the Due Process Clause does not impose an affirmative duty on the government to protect life, liberty, or property. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). And because Plaintiff does not have a protected interest in the sidewalk, she cannot state a procedural due process claim based on the sidewalk conditions. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 761-62, 766-68 (2005).

In opposition, Plaintiff attempts to clarify that, that while her complaint is based on a failure to act, she also challenges "arbitrary and capricious" action taken by the City to combat the spread of COVID-19, specifically the Mayor's shelter in place order. ECF 21 at 4-5, 8-9. But the complaint is devoid of any allegations regarding "arbitrary and capricious" action by the City or supporting how such action violated Plaintiff's procedural due process rights, and Plaintiff's cited cases regarding zoning and rent control ordinances are inapposite. *Id.* at 8.

Plaintiff also appears to argue that the Mayor's shelter in place order implicates the "state created danger" doctrine. ECF 21 at 4-5, 9. Beyond the absurdity of claiming that ordering people to shelter in place to avoid catching a deadly illness represents a "state created danger," this claim misunderstands and misapplies the state-created danger doctrine. First, such a claim requires affirmative conduct on the part of the government that *places the plaintiff in danger*. *DeShaney*, 489 U.S. at 201. Second, the plaintiff must show the government "act[ed] with 'deliberate indifference' to a 'known or obvious danger.'" *Patel v. Kent Sch. Dist*., 648 F.3d 965, 974 (9th Cir. 2011).

It is entirely unclear from Plaintiff's complaint how the shelter in place order specifically places her in danger. Plaintiff's logic seems to be that the shelter in place order enabled homeless people to shelter in tents, some of them chose to shelter in tents near her residence, and some of them chose to engage in conduct that led to tents catching on fire and smoke wafting into her residence. ECF 21 at 14. This theory is not only attenuated, it fails to show that Plaintiff was in danger. Nor does the complaint allege that any City employee was deliberately indifferent to a known danger to Plaintiff. Cases invoking this doctrine involve affirmative dangerous conduct and deliberate indifference by a government actor. *See, e.g., Penilla v. Huntington*, 115 F.3d 707, 708, 710 (9th Cir.

1997) (holding the police had "clearly placed Penilla in a more dangerous position than the one in which they found him," where the police officers responded to a 911 call, "examined Penilla, found him to be in grave need of medical care, canceled the request for paramedics, broke the lock and door jamb on the front door of Penilla's residence, moved him inside the house, locked the door, and left," resulting in Penilla's subsequent death).

Furthermore, to invoke the state-created danger doctrine, the plaintiff "must show not only that the defendant acted 'affirmatively,' but also that the affirmative conduct placed her in a 'worse position than that in which [s]he would have been had [the state] not acted at all.'" *Pauluk v. Savage*, 836 F.3d 1117, 1124 (9th Cir. 2016). Here, that would require Plaintiff to show that she would have been better off had the Mayor not issued a shelter in place order.

Plaintiff's attenuated connection to the shelter in place doctrine is not only dispositive of her due process claim, but fatal to all of her civil rights causes of action premised on the shelter in place order. A plaintiff must allege there is a "direct causal link" between the policy and the deprivation of plaintiff's constitutional rights. *Wallis v. Spencer*, 202 F.3d 1126, 1143 (9th Cir. 2000). Here, the link between Plaintiff's alleged harm and the shelter in place order is far from a "direct causal link," and it is harder to discern even an indirect link. Nor is it clear that Plaintiff even suffered a deprivation of her constitutional rights beyond her conclusory statements to the contrary. Further, because Plaintiff fails to allege a constitutional violation, her *Monell* claim fails.

Plaintiff also fails to explain why her disability causes of action should survive. Neither Plaintiff's complaint, nor her opposition, state that Plaintiff is disabled. Case law requires her to not only allege that she is disabled, but to identify her disability. *See Jones v. Nat'l R.R. Passenger Corp.*, Case No. 15-cv-0276-MEJ, 2016 WL 4538367, at *2 (N.D. Cal. Aug. 31, 2016). Even in opposition, Plaintiff fails to make any such allegations. Accordingly, her disability-based causes of action must be dismissed.

Finally, Plaintiff's state law claims fail. Plaintiff brings three separate causes of action under a nuisance theory, but all fail for the same reason— the City is not the proximate cause of the nuisance alleged by Plaintiff. Plaintiff's claim is premised on the actions of homeless persons living in the alley near her apartment. The City is not the proximate cause of the alleged nuisance.

1    With respect to her negligence claim, Plaintiff does not allege that any City employee owed her a duty that he or she then breached, nor has she alleged that any City employee's conduct proximately caused her injury. *See Ann M. v. Pac. Plaza Shopping Ctr.,* 6 Cal. 4th 666, 673, 863 P.2d 207, 211 (1993), *disapproved of on other grounds in Reid v. Google, Inc.*, 50 Cal. 4th 512, 235 P.3d 988 (2010). Plaintiff's opposition does not address this fatal flaw.

For reasons stated above, and in Defendant's moving papers, and based on the allegations of the complaint, Defendant respectfully requests the Court grant Defendant's Motion to Dismiss in its entirety and without leave to amend.

Dated: September 30, 2020

                                      DENNIS J. HERRERA
                                      City Attorney
                                      MEREDITH B. OSBORN
                                      Chief Trial Deputy
                                      RENÉE E. ROSENBLIT
                                      RYAN STEVENS
                                      Deputy City Attorneys

                              By: */s/ Ryan Stevens*
                                      RYAN STEVENS

                                      Attorneys for Defendant
                                      CITY AND COUNTY OF SAN FRANCISCO