1  DAVID CHIU, State Bar #189542
   City Attorney
2  MEREDITH B. OSBORN, State Bar #250467
   Chief Trial Deputy
3  RYAN STEVENS, State Bar #306409
   Deputy City Attorneys
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3975
6  Facsimile:    (415) 554-3837
   E-Mail:       Ryan.Stevens@sfcityatty.org
7
   Attorneys for Defendant
8  CITY AND COUNTY OF SAN FRANCISCO

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12  PATRINA HARRISON,                    Case No. 20-cv-05178-JST

13         Plaintiff,                    **DEFENDANT CITY AND COUNTY OF SAN**
                                         **FRANCISCO'S ANSWER TO THIRD**
14         vs.                           **AMENDED COMPLAINT**

15  CITY AND COUNTY OF SAN               **DEMAND FOR JURY TRIAL**
    FRANCISCO,
16                                       Trial Date:          Not Set
           Defendant.
17

18

19

20         Defendant City and County of San Francisco ("Defendant" or "the City") answers Plaintiff's

21  third amended complaint as follows:

22         As an initial matter, plaintiff's complaint does not contain a "short and plain statement of the

23  claim," as required by Rule 8(a) of the Federal Rules of Civil Procedure, but rather consists of a

24  lengthy tale based on improperly pled legal arguments, conjecture, and a tortured interpretation of the

25  trial record.  Many of the allegations are completely unsupported in law or in fact. This answer denies,

26  but does not attempt to exhaustively rebut every single one of plaintiff's far-fetched and convoluted

27  theories, as this is not the proper forum to do so. These improperly pled allegations are specifically

28  denied and/or constructively denied, as stated herein.

1    Defendant repeats the headings contained in Plaintiff's complaint for ease of reference, but do

2    not admit that any paragraph(s) entitled with headings constitute proper causes of action or that such

3    headings have any significance or merit.

4    **I.    Plaintiff Harrison, Hereby Complaints and Allege as Follows:**

5    1.    Defendant lacks sufficient information to enable it to form a belief as to the truth of the

6    allegations in this section, and on that basis, Defendant denies the allegations.

7    2.    Defendant lacks sufficient information to enable it to form a belief as to the truth of the

8    allegations in this section, and on that basis, Defendant denies the allegations.

9    3.    Defendant lacks sufficient information to enable it to form a belief as to the truth of the

10   allegations in this section, and on that basis, Defendant denies the allegations.

11   4.    Defendant lacks sufficient information to enable it to form a belief as to the truth of the

12   allegations in this section, and on that basis, Defendant denies the allegations.

13   5.    Defendant lacks sufficient information to enable it to form a belief as to the truth of the

14   allegations in this section, and on that basis, Defendant denies the allegations.

15   6.    In response to paragraph 6, Defendant admits that Plaintiff has brought such claims.

16   Defendant denies the truth of the allegations underlying those claims.

17   7.    In response to paragraph 7, Defendant admits that the City of San Francisco is a

18   municipal entity and has the capacity to sue and be sued.  Defendant admits that public works code

19   706 obligations property owners to maintain the sidewalk in from of their property.  Defendant denies

20   the remaining allegations in this paragraph.

21   8.    Defendant does not understand Plaintiffs allegation and denies it on that basis.

22   9.    Admitted.

23   10.    Defendant lacks sufficient information to enable it to form a belief as to the truth of the

24   allegations in this section, and on that basis, Defendant denies the allegations.

25   11.    Defendant lacks sufficient information to enable it to form a belief as to the truth of the

26   allegations in this section, and on that basis, Defendant denies the allegations.

27   12.    In response to paragraph 12, Defendant asserts that this paragraph contains legal

28   analysis that do not require an admission or denial.

13.     In response to paragraph 13, Defendant admits that in response to the COVID -19 pandemic Mayor Breed issues a shelter in place order.  Defendant denies the remaining allegations in this paragraph.

14.     In response to paragraph 14, Defendant denies the allegations in this paragraph.

15.     In response to paragraph 15, Defendant denies the allegations in this paragraph

16.     In response to paragraph 16, Defendant asserts that this paragraph contains legal analysis that do not require an admission or denial.

17.     Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this section, and on that basis, Defendant denies the allegations

18.     In response to paragraph 18, Defendant admits that Plaintiff makes such allegations. Defendant denies the factual allegations contained in this paragraph.

19.     In response to paragraph 19, Defendant denies these allegations.

20.     In response to paragraph 20, Defendant denies these allegations.

21.     In response to paragraph 21, Defendant denies these allegations.

## II.     JURISDICTION AND VENUE

Defendant admits jurisdiction is proper.  Defendant admits venue is proper.  Defendant denies that Plaintiff has any valid cause of action or basis for relief against Defendant.  To the extent this section contains factual allegations, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this section, and on that basis,  Defendant denies the allegations.

## III.     INTRADISTRICT ASSIGNMENT

22.     Defendant admits venue is proper

## IV.     FACTUAL ALLEGATIONS

23.     In response to paragraph 26, Defendant denies these allegations.

24.     In response to paragraph 27, Defendant admits that Plaintiff filed a government claim. Defendant denies the remaining allegations in this paragraph.

25.     In response to paragraph 28, Defendant admits that Plaintiffs government claim was denied.  Defendant denies the remaining

### III.   CAUSE OF ACTION

**FIRST CAUSE OF ACTION:**

Negligence

(Against Defendant City and County of San Francisco)

With respect to the allegations contained in this paragraph of the Complaint, Defendant refers to and incorporates by reference its response to all paragraphs above as though fully set forth herein. Defendant denies each and every remain allegation in this paragraph and/or is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**SECOND CAUSE OF ACTION:**

(AGAINST ALL DEFENDANTS)

Violation of Equal Protection 42 U.S.C. Section 1983; U.S. Const. Amen. V/XIV, Violation of Due Process Clauses, "State-Created Danger Doctrine"

Claim dismissed by the Court.

**THIRD CAUSE OF ACTION:**

(AGAINST ALL DEFENDANTS)

The American with Disabilities Act ("ADA") of 1990 (P.L. 101-366) Title II of the American with Disabilities Act 42 U.S.C. §§ 12131 et seq.

With respect to the allegations contained in this paragraph of the Complaint, Defendant refers to and incorporates by reference its response to all paragraphs above as though fully set forth herein. Defendant denies each and every remain allegation in this paragraph and/or is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**THIRD CAUSE OF ACTION:**

(AGAINST ALL DEFENDANTS)

Section 504 of the Rehabilitation Act of 1973 (P.L. 93-112)

Claim dismissed by the Court.

**SECOND CAUSE OF ACTION:**

Private Nuisance

(Against Defendant City and County of San Francisco)

With respect to the allegations contained in this paragraph of the Complaint, Defendant refers to and incorporates by reference its response to all paragraphs above as though fully set forth herein. Defendant denies each and every remain allegation in this paragraph and/or is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**FOURTH CAUSE OF ACTION:**

Violation of the Americans with Disabilities Act of 1990

42 U.S.C. Section 12101 et seq.

Section 504

(Against City and County of San Francisco)

Claim dismissed by the Court.

**SIXTH CAUSE OF ACTION:**

Violation of California Disabled Persons Act

Cal. Civ. Code §§54 et seq.

(Against City and County of San Francisco)

Claim dismissed by the Court.

**SEVENTH CAUSE OF ACTION:**

Violation of Public Policy – Health & Hygiene

Cal. Civ. Code §3479

(Against City and County of San Francisco)

Claim dismissed by the Court.

**EIGH CAUSES OF ACTION:**

(Against City and County of San Francisco)

Inverse Condemnation

Cal. Civ. Code § 1245.260

1    Claim dismissed by the Court.

2                                          **DAMAGES**

3        Defendant denies that Plaintiff is entitled to any relief, including monetary damages, from

4    Defendant.

5                                    **PRAYER FOR RELIEF**

     Defendant denies that Plaintiff is entitled to any relief, including monetary damages, from Defendant.

6                              **SEPARATE AFFIRMATIVE DEFENSES**

7        Defendant assert the following separate affirmative defenses to Plaintiff's complaint.

8                                **FIRST AFFIRMATIVE DEFENSE**

9                                     (Failure to State a Claim)

10       Plaintiff fails to state facts sufficient to constitute a cause of action against any defendant.

11                             **SECOND AFFIRMATIVE DEFENSE**

12                                   (Assumption of Risk - Peril)

13       Defendant alleges that Plaintiff realized and appreciated the alleged danger which presented

14   itself at the time of the happening of the event set forth in the complaint herein; that Plaintiff

15   voluntarily placed herself in a position of peril; and that the loss or damage, if any, sustained by

16   Plaintiff was caused by said risks which were accepted and voluntarily assumed by Plaintiff, when

17   engaging in said activity.

18                              **THIRD AFFIRMATIVE DEFENSE**

19                                    (Assumption of the Risk)

20       Defendant alleges that Plaintiff had full knowledge of the risks involved in the activity in

21   which she was engaged at the time of the incident set forth in the complaint herein; that Plaintiff

22   voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in

23   said complaint; and that the loss or damage, if any, sustained by Plaintiff was caused by said risks that

24   were accepted and voluntarily assumed by Plaintiff.

25

26

27

28

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Defendant alleges that the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure §§ 335 *et seq.* and related statutes.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Defendant alleges that the Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by her, and said failure bars or reduces the recovery, if any from Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

(Defendant's Acts Not A Proximate Cause)

Defendant states that any act or omission on the part of the answering Defendant, its agents or employees, was not the proximate cause of Plaintiff's injury.

**SEVENTH AFFIRMATIVE DEFENSE**

(Denial of Damages)

Defendant denies that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of Defendant, its agents or employees.

**EIGHTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendant alleges the provisions of the California Government Claims Act of the California Government Code (Government Code §§ 810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

**NINTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendant claims the immunities under the applicable provisions of the Government Code, including without limitation sections 820.8, 830-835.4.

CCSF Ans to Plaintiff's Third Am. Complaint    7    n:\lit\li2020\210069\01656482.docx
CASE NO. 20-cv-05178-TLT

1

**TENTH AFFIRMATIVE DEFENSE**

2

(Barred by Government Claims Act and Failure to File Claim)

3

Defendant alleges that to the extent the Complaint includes allegations within the scope of the

4

California Government Claims Act, any allegation under California law contained in the Complaint is

5

barred by the following provisions of the California Government Claims Act: Government Code

6

Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8;

7

821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4;

8

840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8;

9

856; 856.2; 945.6, and 956.4.

10

**ELEVENTH AFFIRMATIVE DEFENSE**

11

(Filing of Insufficient Claim and/or Failure to Cure Defects Noted in Correspondence)

12

Defendant alleges that to the extent the Complaint includes allegations within the scope of the

13

California Tort Claims Act, Plaintiff's purported causes of action are barred because Plaintiff was

14

notified in writing that the correspondence she delivered to Defendant City and County of San

15

Francisco was insufficient to constitute a claim as required by Government Code Sections 910, *et.*

16

*seq.*, and Plaintiff failed to cure those defects or otherwise file a sufficient claim.

17

**TWELFTH AFFIRMATIVE DEFENSE**

18

(Variance Between Government Claim and Complaint)

19

Defendant alleges that to the extent the Complaint includes allegations within the scope of the

20

California Government Claims Act, Plaintiff's purported causes of action are limited to those factual

21

allegations and theories of recovery set forth in Plaintiff's written government claim, if any, and that to

22

the extent that the Complaint attempts to enlarge or expand upon those allegations and theories, the

23

Complaint fails to state a cause of action and is barred pursuant to Government Code §§ 905, 910,

24

911.2, 945.5, 950.2 and related provisions.

25

26

27

28

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant alleges that the employees, officials and agents of Defendant were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

By reason of Plaintiff's own acts and omissions, including the acts and omissions of Plaintiff is estopped from seeking any recovery from Defendant by reason of the allegations set forth in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling Defendant to sanctions and appropriate remedies (including without limitation attorneys' fees) against Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

To the extent Plaintiff's failure to file a claim bars this action, the Complaint and each cause of action therein are barred by the doctrine of *res judicata* and collateral estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Proper Conduct)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendant alleges that at all times and places mentioned in the Complaint, Defendant, its agents or employees, acted without malice and with a good faith belief in the propriety of their conduct.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Privilege)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendant alleges that its conduct, including that of its agents or employees, at all times material herein was privileged and/or justified under applicable state and Federal law.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Immunities)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendant asserts the various immunities conferred upon it, as well as upon its agents or employees, pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Public Liability Act)

Defendant alleges the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of Defendant's duties and liabilities in this action.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Immunity: Exemplary Damages)

Defendant alleges that San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Plaintiff's Conduct Reckless and Wanton)

Defendant alleges that at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; and that as a consequence, Plaintiff's claim is barred.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Discretionary Act Immunity)

Defendant alleges that the act or omissions which Plaintiff claims give rise to liability in this case were within the discretion of a San Francisco employee acting within the course and scope of his employment and, as a result, Plaintiff's claim is barred by the discretionary act immunity contained in Government Code section 820.2 and its related provisions.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Privilege – Use of Force)

Defendant alleges that if in fact any force was used by Defendant, its agents or employees, against Plaintiff herein, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Justified Use of Force)

The Complaint and each cause of action therein is barred because the use of force against the Plaintiff, if any, by and the employees of the City, if any, was privileged and justified.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

Defendant alleges by way of a plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in the Complaint; that Plaintiff's negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against San Francisco by virtue of the Complaint, San Francisco prays that the recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

**TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

(Arrest)

Defendant alleges that if in fact Plaintiff was arrested, any force was used to effect such an arrest was authorized and privileged pursuant to Sections 835 and 835a of the California Penal Code

1    and as a proximate result thereof Plaintiff is barred from any recovery herein for any alleged injury or

2    damage if any there were.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Resisting Arrest)

5    Defendant alleges that if in fact Plaintiff was arrested, Plaintiff herein was under a duty

6    pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist

7    arrest; that Plaintiff breached her duty even though she knew or by the exercise of reasonable care

8    should have known that she was being arrested by a peace officer; and that as a direct and proximate

9    result of Plaintiff's breach of this duty she is barred from recovery for any loss or damage she may

10   have incurred, if any there be.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Plaintiff Assaulted Police)

13   Defendant alleges that at all times mentioned in Plaintiff's Complaint herein, Plaintiff willfully,

14   wantonly, maliciously, and unlawfully committed a violent assault on the persons of the responding

15   officers; that it became and was necessary to use force on the person to defend said responding officers

16   from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by

17   Plaintiff was proximately caused by the necessary use of said reasonable force on the person of

18   Plaintiff and not otherwise; and that by reason of Plaintiff instituting said vicious and violent assault

19   on the persons of said responding officers, Plaintiff's failure and refusal to desist from continuing said

20   assault, and the consequent necessity to use reasonable force to defend said responding officers from

21   said assault, Plaintiff's claim, if any, is barred by law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Prevent Injury/Escape)

24   Defendant alleges that no more force was used on Plaintiff's person than was necessary to

25   effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the

26   officers and the public and to facilitate and safeguard a valid police investigation.

27

28

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Qualified Immunity)

Defendant alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Immunity for Failure to Provide Medical Care to a Prisoner)

Defendant alleges that, if Plaintiff was, in fact, a prisoner in custody of Defendant, under Government Code section 845.6, San Francisco is immune from liability for any inadequate medical care Plaintiff may have received while in custody.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Immunity from Injury Caused by Person Resisting Arrest)

Defendant alleges that, pursuant to Government Code section 845.8, San Francisco is immune from liability as a matter of law for injury caused to Plaintiff by a person resisting arrest.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Failure to State Relief Under 42 U.S.C. § 1983)

Defendant alleges that Plaintiff has failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. § 1983 against San Francisco, its agents, employees and particularly its police officers.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(City and County of San Francisco Not a Proper Party)

Defendant alleges that Plaintiff has failed to allege sufficient, specific facts against San Francisco, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(Mutual Combat)

Defendant alleges that Plaintiff had full knowledge of the risks involved in the mutual combat activity in which she engaged and set forth in the Complaint herein; that Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint, and

1   that the loss or damage, if any, sustained by Plaintiff was caused by said risks, which were accepted

2   and voluntarily assumed by her when she engaged in said activity.

3                            **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

4                                        (Self-Defense)

5         Defendant alleges by way of a plea of self-defense that Defendant, its agents or employees,

6   honestly and reasonably believed that Plaintiff was about to inflict harm upon them and that the use of

7   force, if any, was done reasonably and in self-defense.

8                            **THIRTY-NINTH AFFIRMATIVE DEFENSE**

9                                       (No Breach of Duty)

10        Defendant further alleges that it is not liable for any cause of action based in negligence, as it

11  has breached no duty of care owed to Plaintiff.

12                                  **JURY TRIAL DEMAND**

13        Defendant demands a jury trial.

14  Dated:  February 23, 2023

15                                          DAVID CHIU
                                            City Attorney
16                                          MEREDITH B. OSBORN
                                            Chief Trial Deputy
17                                          RYAN STEVENS
                                            Deputy City Attorney
18

19
                                      By: */s/ Ryan Stevens*
20                                          RYAN STEVENS

21                                          Attorneys for Defendant
                                            CITY AND COUNTY OF SAN FRANCISCO
22

23

24

25

26

27

28