UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRINA HARRISON,<br><br>   Plaintiff,<br><br> v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>   Defendant. | Case No. 20-cv-05178-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 108 |

Before the Court is Defendant City and County of San Francisco's motion to dismiss. ECF No. 108. The Court will grant the motion.

**I. BACKGROUND**

Plaintiff Patrina Harrison is a San Francisco resident who suffers from physical disabilities. ECF No. 107 ¶ 1. She resides at the Arnett Watson Apartments in the Tenderloin neighborhood of San Francisco through the San Francisco Local Operating Subsidy Program, a federally funded housing program. *Id*. ¶¶ 1, 17.

Harrison alleges that, in the wake of the COVID-19 pandemic, the City "purchas[ed] and install[ed] homeless tent housing encampments" in the Tenderloin—including along the "walls directly under the bedroom and living [room] windows" of her apartment. *Id.* ¶¶ 17, 18. On July 18, 2020, two City-installed tents caught fire, sending smoke directly into Harrison's apartment, triggering a severe asthma attack. *Id.* ¶ 35. Harrison submitted a request for reasonable accommodation asking the City to remove the tents it installed under her window or to transfer her to a building in a different neighborhood. *Id.* ¶ 36. Both requests were denied. *Id.*

Harrison then filed this suit against the City for violations of her rights under federal and state law (*Harrison I*). ECF No. 1. The Court granted the City's motion to dismiss Harrison's

initial complaint with leave to amend. ECF No. 40. Over the following two years, Harrison filed two additional amended complaints. ECF Nos. 59, 81. The City moved to dismiss each of these complaints, and the Court granted both motions in part and denied both in part. ECF Nos. 80, 100.

On August 8, 2021, Harrison filed a second lawsuit based on similar claims, *Harrison v. City and County of San Francisco*, 21-cv-6484-JST (*Harrison II*).[1] On April 19, 2023, the Court granted the City's motion to consolidate both cases into *Harrison I*. ECF No. 100. Harrison filed a consolidated amended complaint ("CAC") on May 4, 2023. ECF No. 107. The City now moves to dismiss all claims raised in the CAC except state law nuisance and negligence. ECF No. 108 at 6.

## II. JURISDICTION

The Court has jurisdiction over Harrison's federal law claims under 28 U.S.C. § 1331 and exercises supplemental jurisdiction over Harrison's state law claims under 28 U.S.C. § 1367.

## III. LEGAL STANDARD

"Dismissal under [Federal Rule of Civil Procedure] 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When ruling on a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Pro se complaints must be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

---

[1] Because the facts of *Harrison II* are well-known to the parties and the Court has summarized Harrison's allegations in detail in its prior order, *see Harrison*, 21-cv-6484-JST, ECF No. 52 (N.D. Cal. Apr. 19, 2023), the Court will not elaborate them here.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant leave to amend is "within the discretion of the district court, which may deny leave due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**IV.    DISCUSSION**

The City moves to dismiss Harrison's claims brought under 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, as well as her claim for violation of California Civil Code § 3479.

**A.    Section 1983**

Harrison brings claims under Section 1983 for violation of her rights under the Due Process Clause and the Equal Protection Clause.

**1.    Due Process Claim**

Harrison alleges that the City violated her due process rights pursuant to the state-created danger doctrine by providing unhoused individuals with tents anchored to the sidewalk underneath the windows of her apartment, and by providing these individuals with adulterated substances, cigarettes, candles, and matches. ECF No. 107 ¶ 65.

This Court previously dismissed Harrison's due process claims in *Harrison I* and *Harrison II* with prejudice. In *Harrison I*, Harrison alleged that "the City violated her due process rights by 'installing the tents under her bedroom and living room windows . . . creat[ing] the danger' to her." ECF No. 100 at 4 (quoting ECF No. 81 ¶ 48). After twice giving Harrison the opportunity to amend her complaint, the Court dismissed this claim with prejudice. *Id.* It held that Harrison failed to show "(1) that the City's affirmative conduct exposed her to an actual, particularized danger, placed her in a worse position than she would have been in had the City not acted at all, and caused harm that was foreseeable; and (2) that the City acted with deliberate indifference to a known or obvious danger." *Id*; *see Pauluk v. Savage*, 836 F.3d 1117, 1124 (9th Cir. 2016).

Similarly, in *Harrison II*, Harrison alleged that, by installing the tents, "Defendant acted affirmatively in such a way . . . as to put [her] in a wors[e] position than that in which [she] would have been . . . had the Defendant not acted at all." ECF No. 106 at 4. Further, Harrison alleged that when the City "refused [her] Reasonable Accommodation Request to move, or to relocate the tents, this shows that Defendant took affirmative acts to create the condition [she] complains of." *Id*. The Court dismissed this claim without leave to amend because the allegation of additional facts would be futile. *Id.* at 4–5. In so holding, it noted that when the City first installed the tents, "any smoke- or explosive-related danger to Harrison was not known or obvious," and that the City's denial of Harrison's transfer requests was "not an affirmative act that placed Harrison in a worse position than she would have been otherwise." *Id*. at 4. Further,

Because the Court did not grant leave to raise this claim in the CAC, the Court will dismiss Harrison's due process claim with prejudice.

### 2. Equal Protection Claim

Harrison alleges that the City denied her equal protection under the Fourteenth Amendment because it "immediately approved" the transfer requests of thirty-five other "able-bod[ied]" residents from her building. ECF No. 107 ¶ 66. She claims that the denial of her transfer request "is the type of p[r]oof that may support an inference of invidious or discriminatory purpose." *Id.*

The Court finds that the CAC does not cure the deficiency in pleading the Court identified in its previous order; rather, it raises an entirely new claim under the same heading of equal protection. In *Harrison II*, Harrison alleged that "the Tenderloin was selected as a site for tents because of its Black and disabled population[.]" ECF No. 106 at 5 (internal quotations omitted). In denying her claim, the Court held that it could not assume the truth of Harrison's conclusory allegation of discriminatory purpose. *Id.* at 6. While leave to amend was granted to allege facts suggesting a discriminatory intent, it was not granted to allow Harrison to raise a wholly new set of allegations.[2] "[W]here leave to amend is given to cure deficiencies in certain specified claims,

---

[2] Harrison also raised an equal protection claim in *Harrison I*. The Court previously dismissed that claim with prejudice. ECF No. 100 at 5.

4

1    courts have agreed that new claims alleged for the first time in the amended pleading should be
2    dismissed or stricken." *Temple of 1001 Buddhas v. City of Fremont*, No. 21-cv-4661-CRB, 2022
3    WL 1570480, at *5 (N.D. Cal. May 18, 2022) (quoting *DeLeon v. Wells Fargo Bank, N.A.*, No.
4    10-CV-01390-LHK, 2010 WL 4285006 (N.D. Cal. Oct. 22, 2010)).

    Because Harrison exceeded the scope of the Court's leave to amend, her equal protection claim will be dismissed with prejudice.

### B. ADA and Rehabilitation Act Claims

"A plaintiff bringing suit under [S]ection 504 [of the Rehabilitation Act] or Title II of the ADA must show: (1) she is a qualified individual with a disability; (2) she was denied 'a reasonable accommodation that [she] needs in order to enjoy meaningful access to the benefits of public services;' and (3) the program providing the benefit receives federal financial assistance." *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (quoting *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010)).  A plaintiff seeking damages under either statute must also show deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon . . . that likelihood." *Id*. (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001)).

Harrison alleges that she is a qualified individual with physical disabilities, and that the San Francisco Local Operating Subsidy Program, in which she is a participant, receives federal funding.  ECF No. 107 ¶ 1.  She alleges that "she was denied a reasonable accommodation that she needs in order to enjoy meaningful access to the benefits of public services." *Id.* ¶ 2.  Harrison also states that a transfer would have allowed her to "reside in a neighborhood" where she could walk outside "without the danger of falling over tents," and where "the danger of smoke inhalation and fire explosion would not [exacerbate]" her medical conditions. *Id.* ¶ 3.  Finally, Harrison claims that the City was "deliberately indifferent to [her] disability, by failing to grant [her] Reasonable Accommodation Request" and "intended to discriminate" against her "on the basis of [her] disability." *Id.* ¶ 77.

Although Harrison has adequately alleged that she has a qualifying disability and that she participates in a program receiving federal funding, she does not plead any facts that allow this

5

1  Court to infer that a transfer was a reasonable accommodation required in order to enjoy
2  meaningful access to housing, which is the benefit provided to Harrison.  And further, Harrison
3  does not provide sufficient facts to support her conclusory allegations that the City intentionally
4  discriminated against her or was deliberately indifferent to her disability when it denied her
5  transfer request.

6  Having previously dismissed Harrison's ADA and Rehabilitation Act claims on the same
7  grounds, the Court will now dismiss these claims with prejudice.

### C. Section 3479

Harrison pleads a cause of action for violation of California Civil Code § 3479, alleging that the City violated the code by installing tent housing underneath her rental apartment, without proper sanitation amenities.  ECF No. 107 ¶ 107.  The Court, however, has previously dismissed with prejudice this identical Section 3479 claim.  ECF No. 100 at 10 ("Because Harrison's Section 3479 claim is beyond the scope of this Court's previous order, the Court will dismiss the claim with prejudice.").  Accordingly, Harrison's Section 3479 claim will again be dismissed with prejudice.

## V. SUPPLEMENTAL JURISDICTION

The Court declines to retain supplemental jurisdiction over Harrison's remaining state law claims.  A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In deciding whether to remand, courts "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity."  *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 350 (1988).  When federal claims are eliminated at an early stage of litigation, the district court has "a powerful reason to choose not to continue to exercise jurisdiction."  *Id*. at 351.  Because Harrison's federal claims have been eliminated early in this litigation—the case has not proceeded past the pleadings stage, and no discovery has taken place—the Court declines to exercise supplemental jurisdiction.  Harrison's state law negligence and nuisance claims are dismissed without prejudice, and she may refile those claims in state court.

/ / /

**CONCLUSION**

For the foregoing reasons, Harrison's claims for violations of due process and equal protection, the ADA and Rehabilitation Act, and California Civil Code Section 3479 are dismissed with prejudice. Harrison's state law negligence and nuisance claims are dismissed without prejudice, and she may refile those claims in state court.

**IT IS SO ORDERED.**

Dated: September 19, 2023



JON S. TIGAR
United States District Judge